UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Raphael Mendez,

               Plaintiff,

     vs.                              REPORT AND RECOMMENDATION

F.M.C. Rochester, MN et al;
Staff Psychiatrist Dionne Hart
and Social Worker Pamela Seebach,
in their official and individual
capacities,

               Defendants.          Civ. No. 10-451 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned Chief United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Raphael Mendez for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff, who is a civilly committed Federal detainee, is currently confined at the Federal Medical Center, in Rochester, Minnesota ("FMC-Rochester"). He has filed several previous cases in this District, which provide some information about his civil commitment. In one of those previous cases, we determined that the Plaintiff was apprehended in the Virgin Islands in 1990, and was charged with assault with a deadly weapon -- namely, a shotgun. See, <u>Raphael Mendez v. Judge Earl W. Britt et al.</u>, Civil No. 07-1278 (JMR/RLE), <u>March 9, 2007 Report and Recommendation, Docket No. 3</u>, at pp. 2-3. However, the Plaintiff never went to Trial on that charge, because he was found to be mentally incompetent. He was also found to be a danger to himself and others, which is how he originally came to be civilly committed. <u>Id</u>. In 1996, the Plaintiff was conditionally released from his civil commitment, but a few years later, he was returned to custody, because he violated the terms and conditions of his release. <u>Id</u>. The Plaintiff was later transferred to FMC-Rochester, and he has been confined there for the past several years.

In the present case, the Plaintiff is attempting to sue FMC-Rochester and two (2) of its employees -- namely, Dionne Hart ("Hart"), who is a staff psychiatrist, and Pamela Seebach ("Seebach"), who is a social worker.  The Plaintiff alleges that, on February 2, 2010, Hart issued a Disciplinary Incident Report, which the Plaintiff calls "a shot," accusing the Plaintiff of violating institutional regulations by failing to appear for a previously scheduled medical appointment.  The Plaintiff does not deny the existence of the appointment, that he knew about the appointment, or that he failed to appear for that appointment.  However, he claims that Hart should have called him on the telephone in order to tell him to attend the appointment.

The Plaintiff further alleges that, on December 7, 2009, Seebach issued a Disciplinary Incident Report, accusing the Plaintiff of violating institutional regulations by sending a threatening letter to his Court-appointed lawyer.  The Plaintiff admits sending the letter, and admits that it contained an explicit threat against his lawyer.[1]  However, the Plaintiff apparently believes Seebach should not have issued the Incident Report, since the Plaintiff believes that the threat that he

---

[1]In the Plaintiff's own words, he told his attorney "that the only hearing he'll have is listening to me F**k his mama and only if she is still alive." Complaint, Docket No. 1, p. 5.

made against his lawyer was justified, and because it was his opinion that the lawyer had done a poor job of representing the Plaintiff's interests.

The Plaintiff's Complaint does not describe any events, or consequences, that followed the issuance of the Incident Reports by Hart and Seebach. We find nothing to indicate that any Hearings were held, or that any disciplinary sanctions were imposed, as a result of either of the two (2) Reports. The Complaint vaguely suggests that the Defendants' Reports somehow interfered with the Plaintiff's efforts to defend himself against the Federal criminal charges that were brought against him in 1990, in the Virgin Islands. However, the Plaintiff has not described any rational nexus between those Disciplinary Reports and the Virgin Islands criminal charges.

In the "Relief Sought By Prisoner" section of the Complaint, the Plaintiff requests a Judgment that would compel "F.M.C. Rochester, Minn., staff to return my rights to Virgin Islands trial * * * [and] award me for trial damages caused from officials private interest and for hiring a libility [sic] that does not serve the U.S. Gov't in good faith." Complaint, supra at p. 10. He also wants the Court to "assign and [sic] investigator to violation [sic] of 18 USCS §494 against the defendants for the improper handling of federal Gov't funding in futile federal defense and distant traveling of Federal appointed attorney * * *." Id.

III. Discussion

An IFP Application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted. See, Title 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory; the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Here, the Plaintiff's Complaint does not mention any legal principle or doctrine on which his action is predicated. The Plaintiff prepared his Complaint on a form that is designated for use by a Federal Prisoner in filing a Bivens claim. This reference to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), suggests that the Plaintiff might be seeking relief for alleged violations of his Federal

constitutional rights.  See, Duffy v. Wolle, 123 F.3d 1026, 1033 (8th Cir. 1997) ("In Bivens * * *, the Supreme Court recognized in the Constitution and the general federal question jurisdictional statute, 28 U.S.C. §1331, an inherent cause of action for damages against federal actors for violations of federal constitutional rights"), cert. denied, 523 U.S. 1137 (1998).  However, the Complaint does not identify any constitutional basis for the Plaintiff's current lawsuit, and more importantly, the Plaintiff has not alleged any facts suggesting that the Defendants violated his constitutional rights in any way.

Indeed, there are no allegations in the Complaint suggesting that either of the named Defendants did anything, or failed to do anything, that could cause either of them to be liable to the Plaintiff under any conceivable legal principle or doctrine. Furthermore, there are no allegations suggesting that either of the named Defendants did anything, or failed to do anything, that caused the Plaintiff any compensable or remediable injury.

Simply put, the allegations set forth in the Plaintiff's Complaint do not entitle him to any legal recourse against either of the named Defendants, or anyone else, under any legal theory.  Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action.  Based upon that determination, we recommend

that the Plaintiff's IFP Application be denied, as moot, and that this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In Forma Pauperis</u> [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: March 15, 2010                *s/Raymond L. Erickson*
                                     Raymond L. Erickson
                                     CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 29, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 29, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.